DANIEL C. SPRUANCE *vs.* MARTIN MYERDIRCK.

*Insufficient Bill of Particulars—Practice.*

1. A bill of particulars is insufficient if none of the items therein would be admissible under any of the counts of the declaration.

2. Certain items inadmissible under counts for money had and received, or on an account stated.

(*May 10, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Anthony Higgins* for plaintiff.

*Lewis C. Vandegrift* and *Charles M. Curtis* for defendant.

Superior Court, New Castle County, February Term, 1899.

ACTION OF ASSUMPSIT (No. 37, November Term, 1898). The declaration contained two common counts; one for money had

and received, and one on an account stated. The defendant refused to plead until plaintiff filed a bill of particulars. The plaintiff filed the following bill of particulars:

"For the following personal property sold by the defendant to the plaintiff on July 15, 1898, to wit:

"(1.) 8,300 shares of the Beneficial Certificates, so called, of the Delmarvia Telephone Company.

"(2.) 4,560 shares of the Actual Certificates of the said company.

"(3.) A promisory note for $10,000 of said company given for the benefit of C. E. Phelps, Jr., & Co.

"(4.) The rights to 2,000 shares of said company held by said company itself, to secure itself against liability upon said note; for the following consideration, to wit:—

"$5,000, in cash on or before July 20, 1898, and $20,000, in the first mortgage bonds of said Delmarvia Telephone Company of the original issue of $100,000, par value, and also the payment and delivery of other of said bonds of the amount of $31,500; and the stock or Beneficial Certificates of said company to the amount of $20,000, (either the one or the other at said plaintiff's option) which latter bonds and stock were to be held by the said defendant as collateral for the payment of $31,500, the said plaintiff to have the right at any time or times within two years from the fifteenth day of July, 1898, to take up any part or all of said bonds at their par value, receiving at the same time so much of said stock as shall be proportionate to the amount of said bonds so taken up; and the said defendant to have the right at any time or times during said two years from the fifteenth day of July, 1898, to take at par any part or all of said bonds that might still remain in his hands as aforesaid, in part or full payment of said sum of $31,500, returning at the same time to said plaintiff a proportionate part or the whole of said stock as the case might be; and if said plaintiff should not pay the whole or any part of the said $31,500, within the two years aforesaid, then the stock and bonds remaining in the

hands of the said vendor at the end of the said two years shall become his own absolutely, and the said consideration should be held to be paid."

On May 10, 1899, the defendant, by one of his counsel (Charles M. Curtis, Esq.), came into Court and asked that the plaintiff be ordered to file a fuller bill of particulars, for. the following reasons :  *First,* because three of the four items in the bill of particulars did not state the price or sum of money claimed for the particular items ; *second,* because there were two common counts in the declaration and it did not appear to which of the said counts the bill of particulars applied, or whether it applied to both ; *third,* because the items in the bill of particulars were not applicable to any of the counts in the declaration.

LORE, C. J.:—The bill of particulars is not sufficient, for the reason that none of the items set out therein are admissible under either of the counts of the declaration ; that is, for money had and received, or on an account stated.   We therefore order that a further bill of particulars be filed.

The plaintiff, upon his application, is granted leave to amend.